UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTOINE LAWSON,

                             Plaintiff,

                                                                DECISION AND ORDER

                                                                   04-CV-6630L

               v.

D. STERMER, et al.,

                             Defendants.
_____

      Plaintiff, Antoine Lawson, appearing *pro se,* commenced this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by certain employees of the New York State Department of Correctional Services ("DOCS") while plaintiff was an inmate in the custody of DOCS. Defendants have moved to dismiss the complaint for plaintiff's failure to prosecute this action.

      Defendants' motion is granted. It appears from the DOCS Inmate Lookup internet service, http://nysdocslookup.docs.state.ny.us, that plaintiff was released from custody in 2005, but he has not informed the Court of his current address. On September 26, 2005, the Court sent to plaintiff a copy of the Court's scheduling order on the defendants' motion (Dkt. #19). On October 5, 2005, the mail was returned to the Court as "undeliverable." Plaintiff has not contacted the Court since last year.

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.,* 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here. Plaintiff has taken no steps to prosecute this case in nearly a year. The Court's attempt to warn plaintiff that this action was subject to dismissal has been thwarted by plaintiff's own failure to keep the Court apprised of his address as required by the local rules. In light of plaintiff's apparent lack of interest in continuing to pursue this action, I see no reason to require defendants to continue to expend any further time or effort in this case. Plaintiff himself has effectively ceased to seek his day in court, and since the Court has been unable to locate plaintiff, no lesser sanction would be effective, since plaintiff would be unaware that any sanction had been imposed.

In addition, I note that Rule 5.2(d) of the Local Rules of Civil Procedure for this district provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." The rule further requires that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." In addition, Local Rule 41.2 provides that an action is subject to dismissal for failure to prosecute if it "has been pending for

more than six months and is not in compliance with the directions of the Judge or a Magistrate Judge ... ."

All those conditions for dismissal have been met here. For all these reasons, therefore, defendants' motion to dismiss is granted.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #16) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 8, 2006.